CITIZENS LOAN, & SAVINGS ASSN. OF GREENVILLE *v.*
KRICKENBERGER, EXRX.

(Decided June 22, 1932.)

*Messrs. Billingsley & Manix,* for plaintiff.
*Mr. Herman F. Krickenberger* and *Messrs. Murphy
& Staley,* for defendant.

KUNKLE, J. This case comes into this court on appeal from the judgment of the court of common pleas of Darke county.

The plaintiff in its petition sets forth three causes of action.

The first cause of action, in brief, states that the plaintiff is a mutual loan association engaged in the business of making loans; that O. R. Krickenberger

was at the time of his death the secretary of such association; that he had loaned to himself $5,000 on January 1, 1923, which loan was evidenced by a promissory note of that date calling for the sum of $5,000, due January 1, 1924, and asks judgment on such note. Said Krickenberger died February 20, 1930, and the defendant, Ella S. Krickenberger, is the executrix of his estate. This said Ella S. Krickenberger is also sued as an individual.

The second cause of action, in brief, states that certain collateral securities were given by said O. R. Krickenberger to secure the payment of said promissory note; such collateral securities consisting of a certain lot, No. 292, certain Liberty bonds, and certain stock in the Greenville National Bank.

The third cause of action alleges, in brief, that the money so borrowed by said Krickenberger was used in the purchase and improvement of lot No. 292 in the city of Greenville, and that, as such money was borrowed from plaintiff without authority, or without its knowledge, a lien was thereby created in favor of plaintiff upon said lot No. 292.

The defendant, Ella S. Krickenberger, both as an individual and as executrix of the estate of O. R. Krickenberger, filed an answer containing various defenses.

The first defense, in brief, attacks the right of the plaintiff to maintain this action, for the reason that plaintiff is a partnership operating under a fictitious name, the title not showing the names of the persons interested as partners therein, and there has not been filed with the clerk of the common pleas court of Darke county, Ohio, a certificate stating the names in full of all the members of said partnership and their places of residence.

The second defense reaffirms the partnership, as alleged in the first defense, and in brief claims that O. R. Krickenberger was a member of the partnership, and

that therefore the plaintiff partnership is without authority to sue the personal representative of O. R. Krickenberger.

The answer to the first cause of action of the petition contains various admissions and also the statement that O. R. Krickenberger was the secretary of the plaintiff, in charge of its books of account, and that the plaintiff's claim was presented and rejected by the said executrix, and contains a general denial as to the other averments.

The answer to the second cause of action consists of a general denial.

The answer to the third cause of action contains a general denial, and also pleads various facts regarding a deed from Mrs. Krickenberger to her husband for the premises in question, viz.: lot No. 292, but which deed it is claimed was never delivered.

An issue was joined by reply, and the case was submitted to the lower court with the result that the court found in favor of plaintiff as to the shares of stock in the Greenville National Bank, and in favor of defendant upon the other issues. The lower court also found that the plaintiff was a partnership. From such finding and decree plaintiff has appealed.

Counsel have favored the court with very exhaustive briefs, which we have considered with great care, because of the interesting questions presented.

We have also considered the record with care to ascertain the controlling facts in the case.

It is conceded that the promissory note in question was executed by O. R. Krickenberger during his lifetime, as alleged in the petition, and that it is due and unpaid, and a judgment may therefore be rendered thereon for the amount due.

In reference to the attempt to subject as collateral thereto lot No. 292, the Liberty bonds, and the Greenville National Bank stock, we are of opinion, from a consideration of the entire record, that lot No. 292

cannot be subjected as collateral. In reference to the Liberty bonds, the record discloses that none were owned by said O. R. Krickenberger at the time of his death. There are therefore no Liberty bonds to subject.

The record does disclose that O. R. Krickenberger was the owner of 25 shares of the capital stock of the Greenville National Bank at the time of his death, and that such national bank stock was in his possession at the time of his death. The mere fact that this stock was not physically attached to the note would not prevent its being subjected as collateral. We think from the facts and circumstances disclosed by the record that such national bank stock should be subjected as collateral to the payment of this note.

One of the principal contentions relates to the right of the plaintiff to establish a lien on lot No. 292, which appears in the name of Ella S. Krickenberger.

The plaintiff claims that the proceeds of this $5,000 note are traceable to certain loans made to the Krickenbergers for the purchase and improvement of this lot. The books of the association as kept by the late secretary, O. R. Krickenberger, have been introduced, and we have examined these books and considered the evidence introduced upon that subject, including the deed which was executed by Mrs. Krickenberger prior to her submitting to a serious operation several years ago, which deed was delivered by her to Mrs. Stahl for the purposes described in detail by Mrs. Stahl in her testimony found in the record.

From a careful consideration of the entire record, we would not feel warranted in holding that plaintiff had established a lien on said lot No. 292.

Can the plaintiff maintain this action? If it is a partnership, then it has failed to comply with the statute relating to partnerships.

The question arising in this case with which we have had the most difficulty relates to the status of the plain-

tiff. As above stated, it is conceded that plaintiff is not a corporation. The defendant insists that plaintiff is a partnership. This contention is strenuously opposed by plaintiff. Counsel for plaintiff in their brief state that a holding to the effect that plaintiff is a partnership would entail endless difficulties in the liquidation of the plaintiff association. This claim, however true it may be, does not assist in solving the legal question presented. A holding that it is not a partnership, on the other hand, might also entail endless difficulties if the plaintiff was without authority to sue and collect the many obligations owing it. We have considered the briefs of counsel and the authorities cited therein. We concede that the question is not free from doubt, but, upon a consideration of the authorities cited, and from an independent examination made outside of such authorities, and from consideration of the record, including the articles of association as found in one of the passbooks of the association introduced in evidence, and from a further consideration of the manner in which the business of this association was transacted, apparently with the consent and approval of the members of the association, we cannot escape the conclusion that this association constitutes a partnership.

The case of *McFadden* v. *Leeka,* 48 Ohio St., 513, 28 N. E., 874, is a case wherein, in many respects, the facts resemble those in the case at bar. The Supreme Court in that case held that the association was a partnership. The plaintiff is concededly some kind of organization for profit, and this case can therefore be distinguished from the decisions in cases relating to associations which are not for profit. The plaintiff claims that it is a mutual loan association, but does not definitely state what it claims the status of such mutual association to be. The decision of the Supreme Court in the case of *McFadden* v. *Leeka, supra,* has not been expressly reversed or modified. The rule as announced

therein is also discussed to some extent in *Wood & Oliver* v. *Vallette,* 7 Ohio St., 172.

We are of opinion that artificial organizations engaged in business in Ohio, except organizations not for profit, must be classed as either partnerships or corporations, if they are to have any status in the courts. Limited partnerships are also provided by our Code.

We had occasion some years ago to consider a case involving some of the features found in the case at bar. That case arose in Madison county, and we then made an examination of this question and were then and still are of opinion that the textwriters and authorities generally hold that an unincorporated society or association organized for profit is a partnership as to third persons.

Counsel for plaintiff rely upon the decision of our Supreme Court found in *Southern Ohio Public Service Co.* v. *Public Utilities Commission,* 115 Ohio St., 405, 154 N. E., 365. The facts in that case are so at variance with the facts in the case at bar that we are inclined to think that decision is not controlling. The Supreme Court in the last-mentioned case does not attempt to modify or reverse their holding in *McFadden* v. *Leeka,* 48 Ohio St., 513, *supra.*

The plaintiff, therefore, not being an individual, and admittedly not being a corporation, and being an association for profit, we are of opinion that the only status it could assume would be that of a partnership. We are also of opinion that under Section 11260 of the General Code the plaintiff as such partnership may maintain this action, and that a compliance with Section 8104, General Code, may be had by the plaintiff after the commencement of the action. In our opinion plaintiff is not precluded from maintaining an action against the representative of O. R. Krickenberger under the circumstances disclosed by the record.

The same decree will therefore be rendered in this court as was rendered in the lower court.

*Decree accordingly.*

HORNBECK, J., concurs.
ALLREAD, P. J., not participating.